# BILLY BOB FARMER, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

## No. 10122

October 5, 1977                    569 P.2d 939

*Oscar B. Goodman,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank Cremen,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Billy Bob Farmer, and another person, were ordered to stand trial for murder (NRS 200.010, NRS 200.030).

A pretrial petition for a writ of habeas corpus contended (1) there was insufficient "competent" evidence to establish probable cause to believe Farmer committed the homicide; and, (2) the granting of immunity to a co-defendant "was violative of Farmer's rights under the Fifth and Fourteenth Amendments" of the Federal Constitution.

The petition, which was filed May 26, 1977, did not comply with the requirements the legislature imposed on habeas petitioners, effective May 14, 1977, when it enacted Chapter 545 of the 1977 Nevada Statutes. Nevertheless, the district court considered and denied the petition. Farmer appealed (Case No. 9905, styled: "Farmer v. Sheriff"); however, we did not consider the merit of the assigned errors and, on July 27, 1977, dismissed the appeal because of Farmer's failure to comply with the newly imposed statutory requirements. Sheriff v. Toston, 93 Nev. 394, 566 P.2d 411 (1977).

Thereafter, on August 16, 1977, Farmer filed an "Amended Petition for a Writ of Habeas Corpus" the content of which restated the same contentions set out in the first petition filed May 26, 1977. The "amended" petition, which complied with some of the requirements imposed by the legislative enactment, was considered and denied by the district court and Farmer perfected this appeal.

Even if we assume the "amended" petition was timely filed (*see* Stats. of Nev. 1977, ch. 545 § 1(1)(a), p. 1350); and, that it was cognizable (*see* NRS 34.380 (4)(b)), Farmer's claimed errors are without merit.

1. In support of the probable cause challenge Farmer argues that the only incriminating testimony was given by two accomplices and their testimony must be excluded because it was not corroborated, as required by NRS 175.271. Farmer is mistaken. The only evidence of record is that the two witnesses first learned of the homicide after it had been committed; thus, under the definition given in NRS 175.291(2), they are not accomplices. *Cf.* Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971).

2. The thrust of Farmer's constitutional challenge is that our decision in LaPena v. State, 92 Nev. 1, 544 P.2d 1187 (1976), discredits the practice of reducing charges to obtain testimony; thus, he argues a grant of immunity to one co-defendant violates the due process and equal protection rights of the other people charged with the crime. We do not so read *LaPena*. At least where the death penalty is not exchanged for testimony, the entire court there agreed that grants of immunity are permissible "[u]ntil legislatively [or otherwise] forbidden." 92 Nev. at 6, 544 P.2d at 1190. Accordingly, we affirm.